UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DAVID LETTIERI,<br><br>Plaintiff,<br><br>v.<br><br>MAY 23, 2025 EVENING CO, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 1:26-12174-JCB |

ORDER TO REASSIGN TO A DISTRICT JUDGE
AND RECOMMENDATION FOR DISMISSAL

June 8, 2026

Boal, M.J.

David Lettieri, a self-represented federal prisoner in custody at FMC Devens, filed a petition alleging several civil tort claims and claims under the All Writs Act, 28 U.S.C. § 1651, Docket No. 1, and a motion to proceed in forma pauperis, Docket No. 2.  For the reasons set forth below, this Court orders that this case be reassigned to a District Judge and recommends that the District Judge deny the motion to proceed in forma pauperis with prejudice.

I.      Order Of Reassignment To A District Judge

Pursuant to General Orders (10-1) and (09-3), a case may be randomly assigned, at the time of filing, to a Magistrate Judge.  The parties are required to inform the Court within 30 days of service of the last party whether they consent or refuse to consent to the final jurisdiction of a Magistrate Judge.  Absent such consent from both parties, a Magistrate Judge is without jurisdiction to involuntarily dismiss an action.  See 28 U.S.C. § 636(b)(1)(A).  This action was drawn to the undersigned Magistrate Judge under these protocols.

As set forth below, this Court concludes that, pursuant to 28 U.S.C. § 1915(g), Lettieri cannot proceed without prepayment of the fee. Because the denial with prejudice of a motion to proceed in forma pauperis may be treated as a final judgment that is immediately appealable pursuant to 28 U.S.C. § 1291, see Roberts v. United States Dist. Ct., 339 U.S. 844, 845 (1950); Diaz-Ojeda v. Toledo, 54 F.3d 764, 1995 WL 311724, at *1 (1st Cir. May 22, 1995) (per curiam) (unpublished), and the parties have not consented to the final assignment of this case to the Magistrate Judge, this Court orders that the Clerk of Court reassign this case to a District Judge.

Further, this Court lacks jurisdiction over Lettieri's All Writs Act claims. Lettieri asserts claims under the All Writs Act, 28 U.S.C. § 1651, apparently seeking relief from a conviction out of the Western District of New York. Docket No. 1 ¶¶ 16-18. A common law writ is only available under the All Writs Act where necessary to "fill whatever interstices exist in the post-conviction remedial scheme made available to federal prisoners by way of [28 U.S.C. §] 2255." Trenkler v. United States, 536 F.3d 85, 97 (1st Cir. 2008) (citing United States v. Ayala, 894 F.2d 425, 428 (D.C. Cir. 1990)). Because Lettieri's allegations challenge asserted errors in a prior criminal case, these claims are more properly brought under § 2255 in his sentencing court. See 28 U.S.C. § 2255; see also United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999) ("a § 2255 petition . . . must be brought in the sentencing court").

II.    Recommendation Of Denial Of Motion To Proceed In Forma Pauperis

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed in forma pauperis if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). When a prisoner has three such prior dismissals, he may only proceed in forma pauperis if he is "under imminent

danger of serious physical injury" regarding the misconduct alleged in the complaint.  Id.; see also Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) (holding that "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint").

Lettieri has, while a prisoner, filed three or more actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted.  See Lettieri v. United States Dep't of Justice, Nos. 24-248, 24-1304, 2025 WL 2122767 (2d Cir. Mar. 31, 2025); Lettieri v. Auricchio, No. 24-3166, 2025 WL 3633163 (2d Cir. Mar. 27, 2025); Lettieri v. Broome Cnty. Humane Soc'y, No. 24-3169, 2025 WL 3654243 (2d Cir. Mar. 26, 2025); Lettieri v. Fed. Bureau of Investigation, No. 24-1311, 2025 WL 1420547 (2d Cir. Feb. 6, 2025); Lettieri v. Broome Cnty. Humane Soc'y, No. 23-8098, 2025 WL 1745141 (2d Cir. Jan. 8, 2025); Lettieri v. Suffolk Cnty. Police, No. 24-1804, 2024 WL 5500583 (2d Cir. Dec. 11, 2024); Lettieri v. United States Dep't of Justice, No. 24-1500, 2024 WL 5485742 (2d Cir. Dec. 11, 2024); Lettieri v. United States Dist. Ct. for N. Dist. of New York, No. 24-1533, 2024 WL 5680035 (2d Cir. Dec. 11, 2024); Lettieri v. Broome Cnty. Humane Soc'y, No. 24-528, 2024 WL 5480747 (2d Cir. Nov. 22, 2024); Lettieri v. Daniels, No. 23-00867 [ECF No. 3] (W.D.N.Y Oct. 16, 2023); Lettieri v. Reynolds, No. 23-00925 [ECF No. 4] (W.D.N.Y. Oct. 17, 2023); Lettieri v. Ne. Ohio Corr. Ctr., No. 23-01690 [ECF No. 5] (N.D. Ohio Nov. 22, 2023); Lettieri v. Fed. Marshals, No. 23-01872 [ECF No. 6] (N.D. Ohio Nov. 30, 2023); Lettieri v. New York State Troopers, No. 23-02077 [ECF No. 4] (N.D. Ohio Nov. 21, 2023); Lettieri v. Northeast Ohio Corr. Ctr., No. 23-02172 [ECF No. 4] (N.D. Ohio Dec. 11, 2023).

Thus, Lettieri cannot proceed in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  He makes no such showing.  Lettieri alleges in

3

his complaint that, as the result of an unlawful search and seizure of his property and a false disciplinary ticket, he was placed in the special housing unit for fifty-eight days.  Docket No. 1 ¶ 5.  Property that was seized included a decision of the Seventh Circuit concerning the exclusion of evidence in a criminal action, Docket No. 1 ¶¶ 5-6, Docket No. 1-1, which decision allegedly demonstrates that Judge Lawrence Joseph Vilardo wrongfully allowed the introduction of certain evidence during Lettieri's criminal trial, Docket No. 1 ¶¶ 7-10.  See also United States v. Lettieri, No. 21-CR-20-LJV, 2023 WL 3736866 (W.D.N.Y. May 30, 2023) (denying motions to suppress evidence and to dismiss the indictment).  Lettieri includes Judge Vilardo and federal prosecutors Paul Bonanno and Maeve Eileen Higgins in his list of defendants.  Lettieri further alleges that, when he tried to file a grievance about the search and seizure and the disciplinary action, FMC Devens staff members "threatned the plaintiff to be transferred to were can be stabbed in which cant yell because of medical conditions or limited on filing grievance because not wanting to do any paper work."  Docket No. 1 ¶ 12 (as in original).  Lettieri seeks damages from the FMC Devens defendants and, as a remedy for the alleged wrongdoing of Judge Vilardo and the federal prosecutors, that "one civil case [be] vacated" in his favor.  Id. at 5.

Neither the allegations concerning the admission of evidence at Lettieri's criminal trial nor those of speculative danger if Lettieri were to be transferred to another prison show that Lettieri is "under imminent danger of serious physical injury."  Accordingly, Lettieri cannot proceed without prepayment of the $405 filing fee.

III.    Conclusion

Accordingly, this Court hereby ORDERS that this case be reassigned to a District Judge and RECOMMENDS to the District Judge that the motion for leave to proceed in forma pauperis be DENIED with prejudice.

IV.    Notice Of Right To Object

Plaintiff is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation or report to which objection is made and the basis for such objections.  Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).


SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

5